CLARINDA GRAVES *v.* J. S. TRIMBLE'S ASSIGNEE.

[Abstract Kentucky Law Reporter, Vol. 1—416.]

[Cited, *George v. Hoskins,* 17 Ky. L. 63, 30 S. W. 406.]

**Statute of Limitations.**

> The statute of limitations is a bar to a claim to real estate where the party claiming that she was induced to part with it through fraud first petitions to be made a party to a pending suit concerning it, more than five years after the action was begun, more than five years after she discovered the alleged fraud by which she was induced to sign the deed, and more than ten years after the deed was signed.

**Motion to be Made a Party Defendant.**

> It is not an abuse of discretion for the trial court to deny an application to be made a party to a pending suit which had been pending for eight years, and of the existence of which the applicant had knowledge for seven years.

APPEAL FROM PENDLETON CIRCUIT COURT.

November 23, 1880.

OPINION BY JUDGE COFER:

The petition of the appellant to be made a party to the suit was properly refused. She says that she did not read the deed, that it was not read to her, and that she did not know that she had signed a deed until 1871, at which time she gave a deposition in this action.

She then knew not only that she had made a deed, but that this suit respecting the property was pending. She did not offer to file her petition until in 1878, more than five years after she discovered the alleged fraud by which she was induced to sign the deed.

The statute of limitations presents an insuperable bar to any relief now on account of that alleged fraud, and more than ten years had then elapsed after she made the deed and she was then barred. Sec. 5, Art. 3, Chap. 63, Revised Statutes. Our statute of limitations applies as well in equity as at law, and it is now too late to enter into an argument or cite authority to prove that the limitation of the forum and not of the place where the contract was made or the wrong done is to govern.

We do not mean, however, to be understood as deciding that the statute can be insisted upon as a peremptory bar to a motion to be made by a party, but only refer to it as showing, in connection with the other facts disclosed in the record, that the court did not abuse a sound discretion in refusing to allow the appellant to become a party to a suit which had been pending for eight years, and of the existence of which she had knowledge for seven years.

Moreover, she shows by her petition and the record that Golden had purchased the property nearly eighteen years before she offered her petition, and while she alleges that he knew when he purchased that she had not been paid, she does not allege that he knew anything of the alleged fraud of Foulds in obtaining the deed from her, and therefore his title would not be affected by it even if made out. As the deed is valid as between him and her, even if invalid

between her and Foulds, she cannot reach the land because no lien is retained in the deed.

Judgment *affirmed.*

*C. H. Lee, T. C. Buckley, for appellant.*

